UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Robyn Gumaer,<br><br>      Plaintiff<br>   v.<br><br>NDOC,<br><br>      Defendant | Case No. 2:25-cv-01181-JAD-NJK<br><br>**Order Dismissing<br>and Closing Case** |

Plaintiff Robyn Gumaer brings this civil-rights lawsuit to redress constitutional violations that she claims she suffered while incarcerated at Florence McClure Women's Correctional Center. On July 28, 2025, this court ordered the plaintiff to file a complaint and either file an application to proceed *in forma pauperis*, or pay the $405 filing fee in full by September 12, 2025.[1] That deadline expired, and plaintiff did not file a complaint, file an application to proceed *in forma pauperis*, pay the $405 filing fee, or otherwise respond.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[2] A court may dismiss an action based on a party's failure to obey a court order or comply with local rules.[3] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

---

[1] ECF No. 3.

[2] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[3] *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[4]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[5] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[6] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[7] Because this action cannot realistically proceed unless plaintiff files a complaint and either files an application to proceed *in forma pauperis*, or pays the $405 filing fee, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will

---

[4] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

[5] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[6] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[7] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

be an exception: there is no hint that plaintiff needs additional time or evidence that she did not receive the court's order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly weighed these dismissal factors, I find that they weigh in favor of dismissal. IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice based on the plaintiff's failure to file a complaint and either file an application to proceed *in forma pauperis*, or pay the $405 filing fee, in compliance with this Court's July 27, 2025, order. The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**. If Robyn Gumaer wishes to pursue her claims, she must file a complaint and an application to proceed *in forma pauperis* in a new case.

Dated: October 3, 2025

_____
U.S. District Judge Jennifer A. Dorsey

3